Gordon Andrew Petersen, II   (SBN 279587)
drew@dpetersenlegal.com
LAW OFFICE OF DREW PETERSEN, P.C.
17581 Irvine Boulevard, Suite 108
Tustin, California 92780
(714) 569-0043 tel
(714) 569-0289 fax

Attorney for Counterclaimant
NEWPORT SPECIALTY CARS INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| AHMED AL BAKRY,<br><br>            Plaintiff,<br><br>v.<br><br>AL H. ZADEH; NEWPORT SPECIALTY CARS INC.; MEGA ENGINEERING VEHICLES, INC.; NEWPORT CONVERTIBLE ENGINEERING INC.; and DOES 1–10,<br><br>            Defendants.<br><br>NSC NEWPORT SPECIALTY CARS INC.,<br><br>            Counterclaimant,<br><br>v.<br><br>AHMED AL BAKRY<br><br>            Counterdefendant. | Case No.: 8:20-CV-01383-CJC-KES<br>Judge: Hon. Cormac J. Carney<br>Courtroom: 9B<br><br>**COUNTERCLAIMS OF NSC NEWPORT SPECIALITY CARS, INC.** |

FIRST AMENDED COUNTERCLAIMS OF NSC NEWPORT SPECIALTY CARS, INC.  p. 1

## COUNTERCLAIMS OF NSC NEWPORT SPECIALITY CARS INC.

Defendant and Counterclaimant NSC Newport Specialty Cars, Inc. ("NSC") seeks monetary relief from Plaintiff and Counterdefendant Ahmed Al Bakry's breach of contract, fraud, and breach of covenant of good faith and fair dealing as follows:

### PARTIES

1. Counterclaimant NSC Newport Specialty Cars, Inc. ("Claimant") is a corporation registered with, principally located in, and doing business in the County of Orange, State of California.

2. NSC is informed, believes, and alleges thereon Plaintiff/Counterdefendant Al Bakry is not a citizen of the United States, and domiciled in France or the United Arab Emirates.

### FACTS SUPPORTING COUNTERCLAIMS

3. In or about mid-2017, Al Bakry telephoned Claimant's offices to inquire about a proposed convertible conversion of a 2017 Bentley Mulsanne. Al Bakry represented himself to be the owner of a successful car dealership in Europee and to sell high volumes of custom luxury and high end cars, which a large number of future customers who would purchase Bently Mulsanne convertible conversions.

4. In or around August 2017, NSC and Al Bakry entered into a written Agreement for the Conversion of a Bentley Mulsanne, attached to Al Bakry's complaint as Exhibit A.

5. After a significant delay due to Al Bakry's failure to make the initial payment, NSC initiated the conversion of the agreement. In or around March 2019, Al Bakry requested the design be altered to include a hard boot cover, instead of a soft boot cover. NSC's president, Al Zadeh, informed Al Bakry the cost of such a change would typically cost an additional $300,000 and take an additional 18 to 24 months to complete.

6. Instead of agreeing to the additional $300,000 with NSC, Al Bakry represented to NSC that Al Bakry would promote NSC's conversion though his network of clients, and provide NSC with at least 10 additional conversions of Bentley Mulsannes, allowing Claimant to earn

more money than the original prototype design cost of $1,200,000 to $2,000,000. In exchange for Al Bakry's representation, NSC and Al Bakry agreed to include the hard boot cover for Al Bakry for only $30,000, relying on Al Bakry's promised additional Bentley Mulsanne conversions. This agreement was entered into between NSC and Al Bakry in March 2019.

7. In or around January 2020, Al Bakry's final payment of $57,000 under the Conversion Agreement became due and owing to NSC. Furthermore, the additional $30,000 as agreed between NSC and Al Bakry also became due as NSC's conversion was complete. However, to date, Al Bakry has failed and refused to make such payment to NSC.

8. Moreover, Al Bakry has failed or refused to retrieve the vehicle from NSC or arrange its shipment, which has caused NSC to incurred additional costs and expenses to store the completed vehicle for Al Bakry's benefit. NSC is informed, believes and alleged these consequential damages to be approximately $75 per day, or $2,250 per month, due to Al Bakry's failure to perform under the terms of his agreements with NSC since January 2020.

**First Cause of Action**

**Breach of Contract**

9. NSC and Al Bakry entered into a written agreement for the conversion of Al Bakry's 2017 Bentley Mulsanne. Furthermore, NSC and Al Bakry entered into a separate oral agreement whereby NSC agreed to provide Al Bakry with a hard boot cover for $30,000, in exchange for Al Bakry's promise to provide at least 10 additional conversions of Bentley Mulsannes from his contacts to NSC.

10. NSC did all things required of it under the terms of the agreements.

11. Al Bakry breached the written conversion agreement by failing or refusing to pay the final 20% of the price when the conversion was complete in January 2020. Al Bakry breached the terms of his oral agreement with NSC by failing and refusing to pay the $30,000 for the hard boot conversion, as agreed between the parties and when the vehicle was completed by NSC, and by failing to provide any additional customers or conversions of Bentley Mulsannes.

12. Al Bakry's conduct was a substantial factor in causing NSC harm.

13. NSC's harm is no less than $1,170,000

## Second Cause of Action

## Breach of Implied Covenant of Good Faith and Fair Dealing

14. NSC incorporates by reference, as though fully set forth herein, all the preceding paragraphs of the Counterclaim.

15. NSC and Al Bakry entered into two agreements, each of which contained an implied covenant of good faith and fair dealing.

16. NSC performed all acts required of it under the agreements with Al Bakry.

17. Al Bakry breached the implied covenant of good faith and fair dealing by representing he would promote and market NSC's ability to convert Bently Mulsannes to convertibles in good faith, but failed to do so while purposefully securing significant cost concessions from NSC for the conversion of Al Bakry's Mulsanne, promising additional projects but failing to refer any potential customers to NSC.

18. NSC is informed, believes, and alleges it has been harmed by Al Bakry's conduct in an amount no less than $1,000,000.

## Third Cause of Action

## Fraud

19. Al Bakry made multiple representations to NSC which he knew to be false, or he intended not to perform, when made. Al Bakry misrepresented to NSC in March 2019 that he would send at least 10 other Bentley Mulsannes to NSC for convertible conversions, that Al Bakry would directly market NSC's ability to perform convertible conversions to his network to drive additional customers to NSC, and Al Bakry's would cause NSC to receive additional revenue of at least $2,300,000 to fully compensate NSC for the prototyping costs and justifying the reduced $30,000 hard boot price for Al Bakry's car.

20. Al Bakry knew these representations to be false when he made them, or they were made with a reckless disregard for their truth. NSC alleges Al Bakry had no intention of performing his representations when he made them in March 2019.

21. NSC reasonably relied on Al Bakry's representations of his marketing efforts and additional Bentley Mulsanne customers NSC would receive to determine and agree on the scope and cost of Al Bakry's conversion. If NSC had known the truth, it would have reasonably acted differently and not agreed to change the design to a hard boot or would have charged Al Bakry the true cost of $300,000 for the change.

22. Al Bakry's actions have damaged NSC in an amount no less than $1,300,000.

23. NSC is entitled to an award of punitive damages pursuant to California law.

///

///

**PRAYER**

WHEREFORE, NSC Newport Specialty Cars, Inc., requests judgment against Plaintiff Ahmed Al Bakry as follows:

1. NSC be awarded consequential and incidental damages against Al Bakry in an amount no less than $1,470,000;

2. For punitive damages due to Al Bakry's fraud, in an amount no less than $2,000,000;

3. For prejudgment interest on the damages at the maximum legal rate;

4. For costs of suit incurred herein;

5. For attorney fees as permitted by statute or contract; and

6. For other such and further relief as the Court may deem just and proper.

Respectfully submitted,                    LAW OFFICE OF DREW PETERSEN, P.C.

Dated: November 28, 2022                   /s/ Gordon Andrew Petersen, II
                                           Gordon Andrew Petersen, II
                                           Attorney Counterclaimant,
                                           NSC Newport Specialty Cars Inc.