# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **SA CV 20-1383-JFW(KESx)** | Date:  January 6, 2026 |
| Title: | Ahmed Al Bakry -v- Al H. Zadeh, et al. | |

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER TO SHOW CAUSE RE SANCTIONS

    On May 27, 2025, the Court entered an Amended Scheduling and Case Management Order ("Amended CMO").  The Amended CMO set January 5, 2026, as the deadline for the parties to file the proposed Pretrial Conference Order, the Memorandum of Contentions of Fact and Law, the Pretrial Exhibit Stipulation, the Summary of Witness Testimony and Time Estimates, and the Status Report Re: Settlement, Jury Instructions and Verdict Forms (the "Pretrial Documents").  In addition, paragraph 3 of the Court's Amended Standing Order (Docket No. 174), requires that "[a]ll documents that are required to be filed in an electronic format pursuant to the Local Rules shall be filed electronically no later than 4:00 p.m. on the date due unless otherwise ordered by the Court."  Despite Plaintiff's counsel reminding defense counsel of the 4:00 p.m. deadline, Defendant failed to provide Plaintiff with the necessary information in order to timely file all of the Pretrial Documents.  As a result, many of those documents were filed after the 4:00 p.m. deadline, including Defendants' Motion in Limine, which was not filed until January 6, 2026.  *See* Docket Nos. 197-203.  In addition, although Plaintiff unilaterally filed the Pretrial Exhibit Stipulation, Defendants never filed a Pretrial Exhibit Stipulation, either jointly (as required) or unilaterally.

    The Ninth Circuit has explained the importance of complying with a district court's CMO:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (*quoting Gestetner*

*Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.C. Me. 1985)). In addition, the Ninth Circuit has explained that "[d]istrict courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986). A court may dismiss an action with prejudice or strike a defendant's answer and enter default against that defendant, based on a party's failure to obey a court order. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Board of Trustees of Kern County Elec. Pension Fund v. Burgoni*, 2011 WL 6002889 (E.D. Cal. Nov. 30, 2011) (defendant's answer stricken and default entered for failing to comply with a court order).

Defense counsel is ordered to show cause, in writing, on or before **January 8, 2026**, why sanctions in the amount of $1,500.00 should not be imposed and/or Defendants' Answer stricken and default entered for failure to comply with the Amended CMO and the Amended Standing Order.

No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the imposition of sanctions and/or the striking of Defendants' Answer and the entry of default.

IT IS SO ORDERED.